**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. HANS VINCENT EDLING, *Defendant-Appellant.* | No. 16-10457 D.C. No. 2:15-cr-00300-KJD-NJK-1 ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted January 10, 2018
San Francisco, California

Filed June 8, 2018
Amended July 12, 2018

Before: Sidney R. Thomas, Chief Judge, and Johnnie B.
Rawlinson and Paul J. Watford, Circuit Judges.

Order;
Opinion by Judge Watford

# SUMMARY[*]

## Criminal Law

The panel vacated a sentence for being a felon in possession of a firearm, and remanded for resentencing, in a case in which the district court determined under U.S.S.G. § 2K2.1(a) that the defendant had three prior felony convictions for a "crime of violence."

The panel held that assault with a deadly weapon under Nevada Revised Statutes § 200.471 categorically qualifies as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a) because the statute requires proof that the defendant placed the victim in fear of bodily harm and thus necessarily entails the use or threatened use of violent physical force against the person of another.

The panel held that robbery under Nevada Revised Statutes § 200.380 is not a categorical crime of violence under the elements clause, nor a categorical match for "generic robbery" under the enumerated offenses clause, because the offense can be accomplished by instilling fear of injury to property alone. The panel held that § 200.380 robbery likewise does not qualify as "extortion" under the enumerated offenses clause, whose August 1, 2016, amendment narrowed the definition by requiring that the wrongful use of force, fear, or threats be directed against the person of another, not property. The panel wrote that to the extent any ambiguity remains as to whether the new

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

definition of extortion includes threats of injury to property, the ambiguity must be resolved in the defendant's favor under the rule of lenity. The panel explained that *Beckles v. United States*, 137 S. Ct. 886 (2017), did not undermine this court's holding that the rule of lenity applies to the Sentencing Guidelines.

The panel held that coercion under Nevada Revised Statutes § 207.190 does not qualify as a crime of violence because it is not one of the offenses listed in the enumerated offenses clause; and because the felony version of the offense is not a categorical match under the elements clause, since it does not have as an element the use, attempted use, or threatened use of violent physical force against the person of another.

## COUNSEL

Cullen O. Macbeth (argued), Amy B. Cleary, and Cristen C. Thayer, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellant.

Elizabeth White (argued), Appellate Chief; William R. Reed, Assistant United States Attorney; Dayle Elieson, United States Attorney; United States Attorney's Office, Reno, Nevada; for Plaintiff-Appellee.

**ORDER**

The government's motion to amend opinion, filed June 22, 2018, is **GRANTED**.

The opinion filed on June 8, 2018, is amended as follows:

On page 13 of the slip opinion, delete the paragraph beginning with the sentence <The Nevada courts have not definitively answered this question.> and ending with the phrase <as not requiring the kind of violent physical force necessary to satisfy the *Johnson* standard.>.

On page 13 of the slip opinion, delete the sentence: <In addition, the Nevada Supreme Court has upheld convictions for felony coercion that involved the use or threatened use of physical force against an object (such as a telephone), rather than against a person.>. In its place, insert: <We think the answer is no. The Nevada Supreme Court has upheld convictions for felony coercion that involved the use or threatened use of physical force against an object (such as a telephone), rather than against a person.>.

The amended version has been filed concurrently with this order. No future petitions shall be entertained.

# OPINION

WATFORD, Circuit Judge:

Hans Edling pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Under the United States Sentencing Guidelines, the base offense level for that offense varies depending on whether the defendant has one or more prior felony convictions for a "crime of violence." U.S.S.G. § 2K2.1(a). The district court determined that Edling had three such convictions under Nevada law for the following crimes: (1) assault with a deadly weapon, (2) robbery, and (3) coercion. On appeal, Edling contends that none of these offenses constitutes a "crime of violence" as that term is defined in the Guidelines.

We use the so-called "categorical" approach to decide whether each of the Nevada offenses qualifies as a "crime of violence." *United States v. Simmons*, 782 F.3d 510, 513 (9th Cir. 2015). Under the categorical approach, we compare the elements of each offense with the federal definition of "crime of violence" to determine whether the Nevada offense criminalizes a broader range of conduct than the federal definition captures. *Id.* The Sentencing Guidelines define the term "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). (We quote the amended version of § 4B1.2, effective August 1, 2016, because Edling's sentencing occurred after that date.) The first clause of this definition is known as the "elements clause," the second as the "enumerated offenses" clause. An offense qualifies as a "crime of violence" if it is covered by either clause.

As explained below, we conclude that assault with a deadly weapon constitutes a "crime of violence," but that neither robbery nor coercion are covered by the Guidelines' definition of that term. We therefore vacate Edling's sentence and remand for resentencing.

## I. Assault With a Deadly Weapon

Edling was convicted of assault with a deadly weapon under Nevada Revised Statutes § 200.471, Nevada's general assault statute. The statute is divisible into multiple versions of the offense as defined in subsection (2). Under the modified categorical approach, we may consult a limited set of documents to determine which version of the offense Edling was convicted of committing. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Edling's charging document and plea agreement make clear that he was convicted of an offense defined in subsection (2)(c) of the statute. That offense requires proof, as relevant for our purposes, that the defendant: (1) committed an assault (defined as

"[i]ntentionally placing another person in reasonable apprehension of immediate bodily harm"); (2) upon an officer or other designated individual; (3) "with the use of a deadly weapon, or the present ability to use a deadly weapon." Nev. Rev. Stat. § 200.471(1)(a), (2)(c).

Edling's offense of conviction qualifies as a crime of violence under the elements clause of § 4B1.2(a). The offense requires that the defendant place a person in reasonable fear of immediate bodily harm. It therefore has as an element the use or threatened use of physical force against the person of another, with "physical force" understood to mean in this context "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). As we have held, "[a] defendant cannot put a reasonable person in fear of bodily harm without threatening to use 'force capable of causing physical pain or injury.'" *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam) (quoting *Johnson*, 559 U.S. at 140). When the defendant puts the victim in fear of bodily harm through the use or threatened use of a deadly weapon, the violent nature of the force employed is even more apparent. *See United States v. Perez-Silvan*, 861 F.3d 935, 943 (9th Cir. 2017); *Camacho-Cruz v. Holder*, 621 F.3d 941, 943 (9th Cir. 2010). Because the Nevada assault-with-a-deadly-weapon offense requires proof that the defendant placed the victim in fear of bodily harm through the use of (or present ability to use) a deadly weapon, it necessarily entails the use or threatened use of violent physical force against the person of another. It is therefore a categorical match for a crime of violence under the elements clause of § 4B1.2(a).

## II. Robbery

Edling was convicted of robbery under Nevada Revised Statutes § 200.380, which renders unlawful the "taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person *or property*, or the person *or property* of a member of his or her family, or of anyone in his or her company at the time of the robbery." Nev. Rev. Stat. § 200.380(1) (emphasis added). We have italicized the language that is key to our analysis—the fact that robbery under Nevada law may be accomplished by creating fear of injury to property alone. That language is key because under the categorical approach we must determine whether "the least of th[e] acts criminalized" by a state statute is covered by the Guidelines' definition of "crime of violence." *United States v. Molinar*, 881 F.3d 1064, 1067 (9th Cir. 2018) (internal quotation marks omitted). Here, the least of the acts criminalized by Nevada's robbery statute is the taking of someone's personal property by instilling fear of injury to property.

Turning first to the elements clause of § 4B1.2(a), it is readily apparent that Nevada's robbery statute sweeps more broadly than that clause's definition of a crime of violence. The elements clause requires the use, attempted use, or threatened use of "physical force against *the person* of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added). Force directed against property is not covered, so Nevada's robbery offense is not a categorical match under the elements clause.

Nor is it a categorical match under the enumerated offenses clause. That clause lists "robbery" among the offenses that constitute a crime of violence, but the version of

robbery referred to there is "generic" robbery. Generic robbery requires danger to the person, not merely danger to property. *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008). So again, by allowing a conviction to rest on fear of injury to property alone, Nevada's robbery statute is not a categorical match for generic robbery.

The enumerated offenses clause also lists "extortion" among the offenses that constitute a crime of violence, and in 2009 we held that the least of the acts criminalized by Nevada's robbery statute would be covered under the generic definition of extortion. *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (per curiam). But we based that holding on the fact that, at the time, § 4B1.2(a) did not provide a definition of "extortion," which meant it was referring to generic extortion. That offense does encompass threats of injury to property, so we held that any conduct criminalized under Nevada's robbery statute not covered by generic robbery would nonetheless be covered by generic extortion. *Id.*

On August 1, 2016, however, the Sentencing Commission amended the enumerated offenses clause by adding for the first time a definition of "extortion." That definition provides: "'Extortion' is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.2 cmt. n.1. The question posed here is whether this new definition still encompasses threats of injury to property.

We conclude that the Guidelines' new definition of extortion narrows the offense by requiring that the wrongful use of force, fear, or threats be directed against the person of another, not property. That is the most natural reading of the

text of the definition, particularly its reference to "physical injury"—a term that, when used on its own, is typically understood to mean physical injury to a person. *See, e.g.*, Black's Law Dictionary 906, 1331 (10th ed. 2014) (defining "physical injury" as "bodily injury," which in turn means "[p]hysical damage to a person's body"); *Jackson v. Carey*, 353 F.3d 750, 757–58 (9th Cir. 2003); *Moe v. United States*, 326 F.3d 1065, 1068–69 (9th Cir. 2003).

The Guidelines' use of the term "physical injury" in other provisions confirms this understanding. Throughout the Guidelines, "physical injury" is used to refer to injury to a person, whereas other terms, like "damage" or "destruction," are used to refer to injury to property. Take, for example, the policy statements contained in §§ 5K2.2 and 5K2.5. Section 5K2.2 applies to "physical injury," and it makes clear by referring to injury or disability suffered by "the victim" that it covers injury to a person, not injury to property. U.S.S.G. § 5K2.2. Section 5K2.5, by contrast, covers injury to property, which it labels "Property Damage or Loss." U.S.S.G. § 5K2.5. Other provisions draw the same distinction between physical injury to a person and damage to property. *See, e.g.*, §§ 2C1.1(c)(3) ("physical injury or property destruction"), 2J1.2(b)(1)(B) ("physical injury to a person, or property damage"), 5K2.12 ("physical injury, substantial damage to property or similar injury"). Provisions that refer to "physical injury" standing alone use the term, as does Black's Law Dictionary, as synonymous with bodily injury to a person. *See, e.g.*, §§ 2B1.1 cmt. (background), 2B3.1 cmt. (background), 5K2.0 cmt. n.3(B)(ii). We have no reason to believe that the drafters of the August 2016 amendment intended to depart from the consistent usage of "physical injury" elsewhere in the Guidelines when they used the same term in § 4B1.2's definition of extortion.

To the extent any ambiguity remains as to whether the new definition of extortion includes threats of injury to property, we think that ambiguity must be resolved in Edling's favor under the rule of lenity. The rule of lenity "instructs that, where a statute is ambiguous, courts should not interpret the statute so as to increase the penalty that it places on the defendant." *United States v. Hertler*, 776 F.3d 680, 685–86 (9th Cir. 2015) (internal quotation marks omitted). In the face of considerable doubt about whether the Sentencing Commission intended the definition of extortion to capture offenses involving threats of injury to property, the provision should not be read to increase the sentences of defendants in Edling's position. We therefore join the Tenth Circuit in interpreting the new definition of extortion "as excluding injury and threats of injury to property." *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017).

The government contends that, in the wake of *Beckles v. United States*, 137 S. Ct. 886 (2017), we can no longer rely on the rule of lenity to resolve ambiguities in provisions of the Guidelines. Before *Beckles*, our court sitting en banc held that the rule of lenity does apply to the Guidelines, *United States v. Leal-Felix*, 665 F.3d 1037, 1040 (9th Cir. 2011) (en banc), and we have adhered to that holding post-*Beckles*, albeit without discussing the impact of *Beckles* directly. *United States v. D.M.*, 869 F.3d 1133, 1144 (9th Cir. 2017). We do not view the reasoning of *Beckles* as "clearly irreconcilable" with our prior circuit authority, and we therefore remain bound by that authority. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

The Court's holding in *Beckles* did not address the rule of lenity. It instead addressed whether Guidelines provisions are subject to vagueness challenges under the Due Process

Clause.  The Court held that they are not, because the Guidelines do not define criminal offenses or fix the permissible range of sentences.  137 S. Ct. at 892.  The Guidelines thus "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894.  Although the rule of lenity serves the same purposes, it is also grounded in separation-of-powers concerns.  In particular, the rule of lenity is predicated on the view that courts should be hesitant to impose criminal penalties unless it is clear that the legislature intended such punishment to be available. *United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir. 1991).  The Supreme Court's decision in *Beckles* did not undermine the validity of that reason for holding the rule of lenity applicable to the Sentencing Guidelines. *See United States v. Gordon*, 852 F.3d 126, 135–36 n.11 (1st Cir. 2017) (Barron, J., concurring in the judgment).

Robbery under Nevada law is not a categorical match under either the elements clause or the enumerated offenses clause of § 4B1.2(a).  The district court therefore erred in treating Edling's robbery conviction as a crime of violence.

### III.  Coercion

Finally, we address Edling's conviction for coercion under Nevada Revised Statutes § 207.190.  We conclude that this conviction does not qualify as a crime of violence either.

Coercion under Nevada law is divisible into at least two separate offenses, punishable by different penalties. The core offense is defined as follows:

> 1. It is unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to:
>
> (a) Use violence or inflict injury upon the other person or any of the other person's family, or upon the other person's property, or threaten such violence or injury;
>
> (b) Deprive the person of any tool, implement or clothing, or hinder the person in the use thereof; or
>
> (c) Attempt to intimidate the person by threats or force.

Nev. Rev. Stat. § 207.190(1). This offense, without more, is punishable only as a misdemeanor. § 207.190(2)(b). However, the statute also creates a felony version of the offense, which arises when the defendant uses "physical force or the immediate threat of physical force" to commit the offense. § 207.190(2)(a). We know from Edling's charging document and plea agreement that he was convicted of the felony version of the offense.

Coercion is not one of the offenses listed in the enumerated offenses clause of § 4B1.2(a), so coercion can qualify as a crime of violence only if it is covered by the elements clause. As discussed above, an offense is covered by the elements clause only if it has as an element the use, attempted use, or threatened use of violent physical force against the person of another, meaning "force capable of causing physical pain or injury to another person." *Johnson*,

559 U.S. at 140. The question for us is whether the "physical force" required to be used or threatened under the felony version of coercion is the kind of violent physical force that satisfies the *Johnson* standard.

We think the answer is no. The Nevada Supreme Court has upheld convictions for felony coercion that involved the use or threatened use of physical force against an object (such as a telephone), rather than against a person. *See Gramm v. State*, 2018 WL 679548, at *2 (Nev. Feb. 1, 2018) (unpublished); *Attwal v. State*, 2016 WL 6902177, at *3 (Nev. Nov. 22, 2016) (unpublished); *Middleton v. State*, 2016 WL 562804, at *1 (Nev. Feb. 10, 2016) (unpublished). These decisions establish a "realistic probability" that a defendant could be convicted of felony coercion without using or threatening to use violent physical force against the person of another, as § 4B1.2(a)'s elements clause requires. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Subsection (1) of the coercion statute specifies three different ways the core offense may be committed. Since none of those alternatives requires the use or threatened use of violent physical force against the person of another, we need not decide whether the coercion statute is further divisible into separate offenses beyond the misdemeanor and felony versions we have already described. It is enough for us to hold that the felony version of the offense is not a categorical match under the elements clause, since it does not have as an element the use, attempted use, or threatened use of violent physical force against the person of another.

Edling's felony coercion conviction does not constitute a crime of violence under § 4B1.2(a). The district court erred by concluding otherwise.

\*     \*     \*

We vacate Edling's sentence and remand for resentencing. On remand, Edling's base offense level should be 20 rather than 24, as he has only one prior conviction for a crime of violence. U.S.S.G. § 2K2.1(a)(4)(A). In addition, because we have held that his conviction for coercion does not qualify as a crime of violence, he should not be assessed an additional criminal history point under § 4A1.1(e). Our disposition renders it unnecessary for us to reach Edling's remaining challenge to his sentence.

Edling's motions to take judicial notice and supplement the record are **DENIED**.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

The mandate shall issue forthwith.