NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10040 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00289-JCM-PAL-1 |
| v. | |
| TYRONE DAVIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before:  SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

**1.** The district court did not abuse its discretion in denying Tyrone Davis'

motion to withdraw his guilty plea.  The district court properly determined that

Davis did not show "a fair and just reason" for withdrawing his plea.  Fed. R.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Crim. P. 11(d)(2)(B). Davis' plea colloquy satisfied the requirements of Rule 11. Davis' statements during the colloquy provided a sufficient factual basis for Count 3. *See* Fed. R. Crim. P. 11(b)(3); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Although Davis initially expressed some misgivings, he eventually acknowledged that he possessed a firearm in furtherance of a drug-trafficking crime. Davis' plea was also knowing, intelligent, and voluntary. *See* Fed. R. Crim. P. 11(b)(2). The district judge and the lawyers provided thorough responses to Davis' questions and explained that he had the right to a jury trial if he did not want to go through with the plea.

Additionally, Davis' legal representation was adequate. As the district court found, Davis' lawyer did not hire a sentencing consultant because Davis insisted on going to trial before his lawyer had time to hire one. Finally, the other factors that Davis identifies—withdrawing his plea within a month of entering it, maintaining his innocence for several years, the minimal prejudice that would result if the plea were set aside—do not constitute fair and just reasons for withdrawing his plea. *See United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

**2.** The district court properly denied Davis' motions to suppress. The metadata from the photographs suggests that officers may have entered Davis' apartment before obtaining a warrant. But the district court did not clearly err in

crediting Detective Sazer's explanation that he never checked the timestamp on the camera before using it and was unaware of any other users adjusting the camera since daylight savings time. Additionally, the first search warrant was supported by probable cause: The police had probable cause to believe that Davis had committed a robbery, and they could reasonably have expected to find relevant evidence in his apartment three weeks later. *See United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985). Moreover, the district court did not clearly err in concluding that officers properly identified Davis' address, and any misstatements in the warrant affidavit did not undermine the probable cause determination. The second warrant was also supported by probable cause. After observing a gun, ammunition, drugs, and drug paraphernalia in plain view, the officers had probable cause to conduct a second search and to seize the items. This remains true under the circumstances here, even if the initial entry preceded the issuance of the first search warrant by thirty minutes. *See Murray v. United States*, 487 U.S. 533, 542 (1988).

**3.** In light of our recent decision in *United States v. Edling*, 895 F.3d 1153 (9th Cir. 2018), we conclude that Davis' robbery conviction under Nevada Revised Statutes § 200.380 does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2 as amended in 2016. *Id.* at 1156–58. Consequently, Davis should not have been sentenced as a career offender. We vacate Davis' sentence and remand

for resentencing. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011).

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**