**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO ANTONIO TORRES, AKA Rigoberto A. Lopez-Torres, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 17-70875 <br><br> Agency No. A028-432-506 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2019
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and ROBRENO,[**] District Judge.

Rigoberto Antonio Torres (Torres), a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' (BIA) decision

affirming the Immigration Judge's (IJ) finding that Torres was removable and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

ineligible for cancellation of removal because his conviction under Nevada Revised Statutes Section 207.190 for felony coercion was categorically a "crime of violence" aggravated felony. We grant the petition for review.

1. We have jurisdiction pursuant to 8 U.S.C. § 1252 because Torres's October 2017 pro se filings are timely petitions for review of the BIA's reissued decision denying him relief. Upon realizing that Torres never received its original decision dated February 9, 2017, the BIA re-issued the decision on September 20, 2017. On October 6 and October 13, 2017, within thirty days of the reissued decision, Torres filed two submissions with this court explaining that he did not receive the original BIA decision, which he intended to challenge. Construing these documents liberally, as we must, *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011), we construe them as timely petitions for review of the reissued BIA decision. 8 U.S.C. § 1252(b)(1).

2. The BIA erred in concluding that Torres is removable. Contrary to the BIA's conclusion, a conviction for felony coercion, Nev. Rev. Stat. § 207.190, is not categorically a "crime of violence" aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a). The Nevada statute criminalizes conduct beyond the more narrow federal definition of a crime of violence under *Johnson v. United States*, which clarified that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133,

140 (2010) (emphasis in original).  The definition of "physical force" in Nevada's felony coercion statute includes non-violent, or *de minimis*, force.  For example, in *Gramm v. State*, the Nevada Supreme Court upheld a felony coercion conviction for knocking a cell phone out of the victim's hand twice.  410 P.3d 982 (Nev. 2018) (unpublished) (order).  *See also United States v. Edling*, 895 F.3d 1153, 1159 (9th Cir. 2018) (holding that Nev. Rev. Stat. § 207.190 is not a crime of violence under the sentencing guidelines and citing *Gramm*). [1]

**PETITION GRANTED; REMANDED.**

---

[1] The Supreme Court recently issued an opinion on the *Johnson* standard for "physical force."  *Stokeling v. United States,* 139 S. Ct. 544 (2019).  The *Stokeling* Court did not overrule *Johnson*, noting that its "understanding of 'physical force' comports with *Johnson*."  *Id.* at 552.  The Court held that the degree of force required to commit robbery under Florida law necessitates the use of "physical force."  *Id.*  As illustrated in *Gramm*, Nevada felony coercion requires a lesser degree of force than the "physical confrontation and struggle" at issue in *Stokeling*. *Id.* at 553.