**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1606 and 18-1664
_____

UNITED STATES OF AMERICA,
                              Appellant in No. 18-1606

v.

RAUL RODRIGUEZ,
                              Appellant in No. 18-1664

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-16-cr-00288-001)
District Judge: Honorable Lawrence F. Stengel

_____

Appeal at No. 18-1606 Argued on March 20, 2019;
Appeal at No. 18-1664 Submitted Pursuant to
Third Circuit L.A.R. 34.1(a) on March 21, 2019

Before: SHWARTZ, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: May 1, 2019)

Louis D. Lappen
Kelly A. Lewis Fallenstein
Bernadette A. McKeon
Robert A. Zauzmer          [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
       *Counsel for United States of America*

Leigh M. Skipper
Brett G. Sweitzer            [ARGUED]
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
        *Counsel for Raul Rodriguez*

_____

OPINION

_____

BIBAS, *Circuit Judge*.

The categorical approach can defy common sense, yet we must still follow it. Under this approach, a robbery with a gun can be a categorical match for one federal robbery law but not for another. This is such a case.

Raul Rodriguez pleaded guilty to Hobbs Act robbery and to brandishing a gun during that robbery under 18 U.S.C. § 924(c). The District Court found that this robbery was a crime of violence under § 924(c), but not under the federal career-offender sentencing guideline.

Both sides appeal, but both claims fail. Hobbs Act robbery is broader than the career-offender guideline. It sweeps in threats of injury to persons *or property*, while the guideline enhancement applies only to crimes that require threats of injury to a person. So there is no categorical match with the guideline. But there is one with § 924(c). We have already held that, when a defendant commits a Hobbs Act robbery while brandishing a gun, the robbery is a crime of violence under § 924(c). So we will affirm.

# I. BACKGROUND

Rodriguez and his accomplice robbed a check-cashing business at gunpoint. In doing so, Rodriguez took an employee into the bathroom at gunpoint, bound her hands and feet, threatened to kill her, and tied a gag around her head. He was caught and charged with Hobbs Act robbery under 18 U.S.C. §1951(a) and with brandishing a gun to further a crime of violence under 18 U.S.C. §924(c)(1). He pleaded guilty to both counts and raised the two objections that are now before us.

First, Rodriguez moved to dismiss the gun-brandishing count, claiming that Hobbs Act robbery is not a crime of violence under §924(c)(1). The District Court disagreed and denied the motion. So Rodriguez pleaded guilty to this count while reserving his right to appeal it.

Second, Rodriguez objected to a sentencing enhancement. At sentencing, the government argued that Hobbs Act robbery is a crime of violence under the U.S. Sentencing Guidelines, making Rodriguez a "career offender." U.S. Sentencing Guideline §4B1.1. This time, the Court sided with Rodriguez, holding that Hobbs Act robbery is not a "crime of violence" under Guideline §4B1.2.

The Court then sentenced Rodriguez to a total of 140 months' imprisonment plus five years' supervised release. The government now appeals the Guidelines ruling, while Rodriguez cross-appeals the statutory ruling. We review de novo whether a prior conviction qualifies as a crime of violence under the Guidelines or under 18 U.S.C. §924(c). *United States v. Henderson*, 841 F.3d 623, 626 (3d Cir. 2016).

3

## II. UNDER THE GUIDELINES' ENUMERATED-OFFENSE CLAUSE, HOBBS ACT ROBBERY IS NOT A CRIME OF VIOLENCE

The government argues that Rodriguez is a career offender because his Hobbs Act robbery is a crime of violence under Guideline §4B1.2. As the government concedes, we apply the categorical approach here to determine whether this is so. We thus look only at the elements of the statute of conviction, not "the particular facts underlying th[at] conviction[]." *Taylor v. United States*, 495 U.S. 575, 600 (1990). For a categorical match, all the elements of Hobbs Act robbery must match those of robbery, or the similar crime of extortion, under the Guidelines. If the elements of Hobbs Act robbery "sweep[] more broadly" than those of "robbery" or "extortion" in §4B1.2(a)(2), then there is no categorical match. *Descamps v. United States*, 570 U.S. 254, 261 (2013). And if there is no categorical match, then Hobbs Act robbery is not a crime of violence under Guideline §4B1.2.

The career-offender enhancement has three requirements. U.S.S.G. §4B1.1(a). No one disputes that Rodriguez meets two of them: he was over the age of 18 when he committed the robbery and has three prior drug convictions. So the only question remaining is whether the current crime is a drug crime or a crime or violence. No one disputes that Hobbs Act robbery is not a drug crime.

Whether the enhancement applies turns on the definition of crime of violence. And the Guidelines define that term in two ways. First, a felony can qualify if it has certain elements. *Id.* §4B1.2(a)(1). But the government concedes that Hobbs Act robbery does not have those elements.

4

True, in *United States v. Robinson*, we did hold that Hobbs Act robbery is a crime of violence under a similar elements clause in §924(c) if a defendant is convicted at the same time of brandishing a gun during that robbery. 844 F.3d 137, 144 (3d Cir. 2016). But here, the government expressly concedes that courts should not extend our decision in *Robinson* to the career-offender guideline. So it waived this argument.

Second, a felony can qualify as a crime of violence if it is one of several enumerated offenses. U.S.S.G. §4B1.1(a)(2). We limit our inquiry to whether Hobbs Act robbery categorically matches two of these offenses: robbery and extortion. *Id.* It does not. Neither crime is a categorical match because both crimes include only force against persons, while the Hobbs Act reaches force against either persons *or property*. The government argues that if both Guidelines robbery and Guidelines extortion are too narrow, courts may combine these offenses and compare Hobbs Act robbery with their combined scope. *See, e.g.*, *United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008). But because neither offense reaches force against property, the combined offense would still be narrower than Hobbs Act robbery. Thus, we need not address this argument. And because Hobbs Act robbery sweeps more broadly, it is not a crime of violence under the Guidelines.

### A. Hobbs Act robbery is broader than Guidelines robbery

The government concedes that Hobbs Act robbery sweeps more broadly than Guidelines robbery. We agree. Hobbs Act robbery is unlawfully taking someone's personal property against his will by use or threat of force against "his *person* or *property*." 18 U.S.C. §1951(b)(1) (emphases added). So the use or threat of force against a *person* is not required. The use or threat of force against *property* is enough.

The Guidelines do not define robbery, so we look to the generic definition of robbery as found in state laws, treatises, and the Model Penal Code: "the taking of property from another person or from the immediate presence of another person by force or by intimidation." *United States v. McCants*, 920 F.3d 169, 181 (3d Cir. 2019) (internal quotation marks omitted).

Guidelines robbery, unlike Hobbs Act robbery, requires force or threat to persons—not property. *United States v. O'Connor*, 874 F.3d 1147, 1154-55 (10th Cir. 2017); *see United States v. Edling*, 895 F.3d 1153, 1157 (9th Cir. 2018). Thus, Hobbs Act robbery does not categorically match Guidelines robbery.

We pause to note that this may not remain so. The Sentencing Commission recently proposed amendments to redefine Guidelines robbery to match Hobbs Act robbery. 83 Fed. Reg. 65,400, 65,411-12 (Dec. 20, 2018). If it adopts these amendments, future courts will have to revisit this issue. For now, however, we must apply the Guidelines as we find them.

### B. Hobbs Act robbery is broader than Guidelines extortion

The government does argue that Hobbs Act robbery categorically matches Guidelines extortion. But our sister circuits have rejected that claim. They have held that Hobbs Act robbery is broader because it includes threats to damage property, while Guidelines extortion does not. *United States v. Camp*, 903 F.3d 594, 603-04 (6th Cir. 2018); *O'Connor*, 874 F.3d at 1157-58; *see Edling*, 895 F.3d at 1157-58. We agree. Though Guidelines extortion extends to "physical injury," that means only bodily injury, not property damage. So it is not a categorical match either.

The Guidelines now define extortion as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of *physical injury*, or (C) threat of *physical injury*." U.S.S.G. § 4B1.2 n.1 (emphases added). The government argues that "physical injury" includes injury either to person or to property. But the term's ordinary meaning and its consistent use in the Guidelines belie that broad reading.

1. *Ordinary meaning.* The most natural reading of "physical injury" excludes damage to property. Black's Law Dictionary equates it with "bodily injury," which in turn means "[p]hysical damage to a person's body." *Black's Law Dictionary* 1331, 906 (10th ed. 2014).

In response, the government tries to divide and conquer the two words separately. "Physical" can mean "material things," like tangible property. *Webster's Second New International Dictionary* 1852 (2d ed. 1949). And "injury" can mean "[d]amage or hurt done to or suffered by a person or a thing." *Id.* at 1280.

So read separately, "physical" and "injury" might be broad enough to include property damage. But words do not exist in a vacuum. We read "physical injury" together as a phrase. "Physical" is an adjective that modifies "injury." Together, they most naturally mean only bodily injury to a person. *Camp*, 903 F.3d at 603; *Edling*, 895 F.3d at 1157-58.

2. *Consistent usage.* We read "identical words used in different parts of the same act … to have the same meaning." *Atl. Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932). And the Guidelines consistently use "physical injury" to mean damage to persons—not property.

For instance, the Guidelines have a cluster of four policy statements that address only harm to persons. One of these uses "physical injury" to refer to a "victim['s] suffer[ing]."

7

U.S.S.G. §5K2.2; *see O'Connor*, 874 F.3d at 1157. By contrast, after these four policy statements covering harms to persons, a separate policy statement is entitled "Property Damage or Loss." U.S.S.G. §5K2.5. And many other provisions treat "physical injury" and "property damage" as disjunctive categories by adding "or" between them. *E.g.*, *id.* §§2C1.1(c)(3), 2J1.2(b)(1)(B), 5K2.12.

Against this backdrop, the government relies on a single Guidelines elements clause that uses "against the person" to modify "physical force." *Id.* §4B1.2(a)(1). So it argues that because Guidelines extortion is not so limited, it extends beyond force "against the person" to include its use against property too. But "physical force" differs from "physical injury." The Guidelines use the latter term consistently to refer to injury to persons, not to property. Our sister circuits agree. *Camp*, 903 F.3d at 603; *Edling*, 895 F.3d at 1157-58.

Because we find no ambiguity in the text, we need not resort to the rule of lenity. So we do not decide whether the rule of lenity still applies to the Guidelines after *Beckles v. United States*, 137 S. Ct. 886 (2017).

In sum, "physical injury" does not include damage to property. So Hobbs Act robbery sweeps more broadly than Guidelines extortion. Thus, Rodriguez did not commit a crime of violence under the Guidelines. The career-offender enhancement did not apply to him.

### III. HOBBS ACT ROBBERY IS A CRIME OF VIOLENCE UNDER § 924(C)(3)(A)

Rodriguez cross-appeals the denial of his motion to dismiss the gun-brandishing count under §924(c)(1). He argues that Hobbs Act robbery is not a crime of violence under §924(c)(3)(A). But he acknowledges that our decision in *Robinson* forecloses his argument. Rodriguez pleaded guilty to both Hobbs Act robbery and to brandishing a gun during

that same robbery. So under *Robinson*, the Hobbs Act robbery was a crime of violence under the statute. 844 F.3d at 144.

*Robinson* is precedent and binds us. No intervening authority has undercut that decision. We will thus reject Rodriguez's cross-appeal and affirm the District Court.

\* \* \* \* \*

This result may be unsatisfying: Hobbs Act robbery is a crime of violence for some laws but not others. It sweeps more broadly than Guidelines robbery and extortion, so it is not a crime of violence under the enumerated-offense clause of the career-offender guideline. But under *Robinson*, it is a crime of violence under § 924(c)(3)(A) when coupled with a conviction under that statute. So on both of the District Court's rulings, we will affirm.