**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10263 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00032-DKW-1 |
| v. | |
| JOHN ZACHARY KATSU TOYOFUKU, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 11, 2018
Honolulu, Hawaii

Before: WARDLAW, BERZON, and BENNETT, Circuit Judges.

John Toyofuku appeals the district court's denials of his motion to suppress

and renewed motion to suppress. We affirm.

The district court denied the motions to suppress because it found that

private citizen members of a Hawaiian sovereignty group were not acting as

instruments or agents of the government for purposes of the Fourth Amendment

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

when one or more of the members opened a shipping crate and found marijuana, ultimately leading to the arrest and conviction of Toyofuku.

As to the first motion, the district court did not err in holding that FBI Special Agent Judah Pent's meeting with Samson Kama and Kimokeo Kahalewai the morning of the search was insufficient under our case law to establish that the government knew of and acquiesced in the subsequent search. *See United States v. Walther*, 652 F.2d 788, 792–93 (9th Cir. 1981).

As to the second motion, the district court did not err in finding that someone searched the crate before Kama spoke to Sergeant Apollo Chang. The district court's factual findings must be affirmed unless clearly erroneous. *See United States v. Peterson*, 902 F.3d 1016, 1019 (9th Cir. 2018). This is a highly deferential standard, particularly with respect to credibility determinations. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). It was not clearly erroneous for the district court to discredit Kama's testimony and credit the testimony of law enforcement officers regarding whether Kama indicated that he knew the crate contained marijuana when he first spoke to Sergeant Chang and whether Sergeant Chang directed Kama to open the crate, which was the critical question. Precisely when the crate was opened does not matter. Also, the record supports the district court's finding that Kama called law enforcement several times before speaking with Sergeant Chang, which is consistent with the

2

conclusion that, by then, he already knew that the crate contained marijuana.

Because the district court did not clearly err in finding that someone searched the crate before Kama spoke to Sergeant Chang, it follows that the district court did not err in holding that Kama's subsequent conversations with law enforcement officers did not retroactively convert the search into a government search. *See, e.g.*, *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) (per curiam).

**AFFIRMED.**