**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EDUARDO ARMSTRONG,<br><br>Defendant-Appellant. | No. 18-50057<br><br>D.C. No. 3:17-cr-02671-LAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Eduardo Armstrong appeals from the district court's judgment and

challenges the 41-month sentence imposed following his guilty-plea conviction for

transportation of certain aliens for financial gain and aiding and abetting, in

violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i).  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Armstrong contends that the district court erred by applying a two-level enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Assuming without deciding that Armstrong is correct that the enhancement can only be imposed when a defendant knew he was fleeing from law enforcement, the district court did not clearly err by finding that Armstrong had such knowledge. The agent's testimony regarding his surveillance and pursuit of Armstrong, as well as other record evidence regarding the overall circumstances of the chase, support the district court's finding. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) ("In order to reverse a district court's factual findings as clearly erroneous, we must determine that the . . . findings were illogical, implausible, or without support in the record."). Nor did the district court abuse its discretion by applying the enhancement because Armstrong's conduct—driving in excess of 105 miles per hour across traffic on a highway while transporting three illegal aliens in his vehicle—"reasonably could be viewed as presenting a substantial risk of harm to the [passengers,] officers and others on the interstate." *United States v.*

*Peterson*, 902 F.3d 1016, 1023 (9th Cir. 2018); *see also United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483-84 (9th Cir. 1997) (affirming application of enhancement under circumstances that "recklessly created a substantial risk to the motoring public . . . of collisions and injury").

We decline to consider issues raised for the first time in Armstrong's reply brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**

18-50057