NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30273 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-02005-SAB-1 |
| v. | |
| MARIA ANDREA GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted September 1, 2021
Seattle, Washington

Before:  HAWKINS, TASHIMA, and McKEOWN, Circuit Judges.

Defendant Maria Andrea Gonzalez ("Gonzalez"), convicted following a jury

trial of possession with intent to distribute methamphetamine and heroin, possession

of a firearm in furtherance of a drug trafficking crime, and felon in possession of a

firearm, appeals the district court's ruling on two pretrial motions, in which she

sought to have the case dismissed with prejudice under the Speedy Trial Act and

_____

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sixth Amendment and to suppress evidence found in her purse when she was arrested. We affirm.

I.

There was no violation of the Speedy Trial Act. All time when pretrial motions were pending was automatically excluded under 18 U.S.C. § 3161 (h)(1)(D). Delays for the "ends of justice" are also excluded if the court sets forth "its reasons for finding that the ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

There were four total motions to continue, all made by defense counsel. Gonzalez does not challenge the propriety of the first continuance, made by her original counsel. With respect to the second and third continuances, her newly appointed counsel articulated legitimate reasons for needing additional time to prepare the defense, including the need to review recently provided discovery, prepare pretrial motions, and, when Gonzalez was charged with another federal crime while in custody, the need to coordinate with her other defense counsel and to deal with additional sentencing considerations. There was no clear error in determining that the ends of justice served by these continuances outweighed society and defendant's interest in a speedy trial, *United States v. Medina*, 524 F.3d 974, 982 (9th Cir. 2008), and the court sufficiently articulated its reasons for granting the

exclusions. *United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018). These two ends of justice exclusions, coupled with the automatic exclusions for pending motions, bring the trial well within the Speedy Trial Act's 70-day window.[1]

Likewise, there was no error in determining that the case should not be dismissed with prejudice for violating Gonzalez's Sixth Amendment right to a speedy trial. *See Barker v. Wingo*, 407 U.S 514, 530–34 (1972) (discussing factors to be weighed). The district court acknowledged that the delay was over a year total, but balanced this against the cause of the delay, which included continuances requested by defense counsel in order better to represent the defendant at trial. In addition, some of the delay was caused by Gonzalez being charged with an additional crime while in pretrial custody for this offense. Nor did Gonzalez suffer actual prejudice from the delay, such as loss of evidence or unavailability of witnesses.

## II.

Gonzalez also sought to suppress the evidence found in her purse, contending it was not a valid search incident to arrest because at the time of the search she had been handcuffed, transferred to the custody of another officer, and placed in the back

---

[1] This is the case even accepting Gonzalez's argument that the Motion in Limine/Motion to Sever was only pending until May 24, 2018. *See United States v. Clymer,* 25 F.3d 824, 830–31 (9th Cir. 1994). For this reason, we need not address the fourth ends of justice exclusion.

of a patrol car about twenty feet away from the purse. *See Arizona v. Gant*, 556 U.S. 332, 343–44 (2009). However, "we need not decide whether the initial search was lawful," because we agree with the district court that the evidence would have been admissible under the inevitable discovery doctrine during "a routine inventory search." *United States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986).

Gonzalez is correct that under Washington law, if she had been arrested only on the outstanding warrant, she could have theoretically posted bail and avoided the booking and inventory search process altogether. *United States v. Peterson*, 902 F.3d 1016, 1020 (9th Cir. 2018). However, this is not the end of the inquiry because here, as in *Peterson*, there was a significant struggle with the officer as he attempted to arrest Gonzalez, including pulling her hand out of the officer's grasp and reaching for her purse. At the evidentiary hearing, the officer testified that had he not searched the purse and discovered the drugs and weapons, he would have cited Gonzalez for resisting arrest. As we explained in a similar situation in *Peterson*:

> Peterson's ability to post bail on the [outstanding] warrants, however, has no bearing on whether his backpack would have been subject to an inventory search had he been booked on charges of obstructing law enforcement officers or resisting arrest because bail had not yet been set on those charges at the time Peterson was booked. . . . Because the officers would have booked Peterson on obstruction or resisting arrest charges absent discovery of the gun, and because bail had not yet been set on those charges, Peterson would have been taken into custody upon booking.

*Id.*

4

Although in his testimony the officer here used the word "cited" rather than "arrested" when discussing the hypothetical resisting arrest charge, in the larger context of the questioning as a whole it was not unreasonable for the district court to infer that the officer meant that if he had not discovered the additional evidence of felony charges, he would have instead booked Gonzalez on a resisting arrest charge, no bail would have yet been set for this charge, and therefore there would have been an inventory search of the purse pursuant to that arrest. Thus, the evidence in Gonzalez's purse would inevitably have been discovered. *Id.*

**AFFIRMED.**