NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30135 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00110-SPW-1 |
| v. | |
| DANIEL ISAAC OSSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted September 12, 2023
Seattle, Washington

Before: HAWKINS, R. NELSON, and COLLINS, Circuit Judges.
Concurrence by Judge COLLINS.

Daniel Osse ("Osse") appeals the denial of his motion to suppress evidence found during a parole search of a backpack inside a car he had been driving. We review "de novo motions to suppress, and any factual findings made at a suppression hearing for clear error," *United States v. Peterson*, 902 F.3d 1016, 1019 (9th Cir. 2018) (citation omitted), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

At the time of the incidents that gave rise to the search and arrest, Osse was on felony parole with the state of Montana. He was actively avoiding his supervision, and a warrant for his arrest had been issued for absconding. This circuit has "repeatedly recognized that status as a parolee significantly diminishes one's privacy interest as compared to the average citizen." *United States v. Johnson*, 875 F.3d 1265, 1273 (9th Cir. 2017) (footnote omitted). In this case, the parole condition to which Osse was subject authorized search of his person, vehicle and/or residence upon reasonable suspicion. This standard is considerably lower than the standard for probable cause: "Although . . . a mere hunch is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (citation omitted).

Reasonable suspicion or belief is based on the totality of the circumstances, including reasonable inferences the officers may draw from their experience and specialized training. *Id.* The district court did not err in finding that the officers held a reasonable belief that Osse had violated the conditions of his parole and that search of the vehicle he had been driving and the backpack he left behind in such vehicle was authorized by the conditions of his parole. Specifically, the officers knew that he had violated the conditions by absconding from supervision (and that there was a

warrant for his arrest for this reason). They also had a reasonable belief that he had committed additional crimes, such as an unsworn falsification by providing false information to the pawn shop in exchanging property for money. Osse's flight upon encountering the officers was further suggestive of wrongdoing. *Illinois v. Wardlaw*, 528 U.S. 119, 124 (2000). It was also reasonable to believe the vehicle he had been driving might contain additional evidence as to his whereabouts or additional evidence regarding the false identification.

Based on the totality of this information, as the district court concluded, there was a reasonable belief Osse had violated multiple conditions of his supervision, which by its terms would authorize a search of the vehicle that had been in his possession, as well as any of his possessions within it that were reasonably likely to contain evidence of his violations.[1]

**AFFIRMED.**

---

[1] Osse argues that the district court committed error by including in the totality of circumstances the information the officers had regarding Osse's suspicious activities at Ardie's Coins, because the probation officer did not expressly testify to having this information. There was no clear error, however, because Officer Puckett testified at the evidentiary hearing that he had indeed relayed that information to the probation officer, even if the probation officer did not remember that fact. A trial judge's finding to credit the testimony of one witness over another can virtually never be a clear error. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

*United States v. Daniel Osse*, No. 22-30135

COLLINS, Circuit Judge, concurring:

In my view, it is a close question whether the district court actually made the factual finding that Officer Puckett relayed the information about Defendant-Appellant Daniel Osse's suspicious activities at the pawnshop to Probation Officer Zent. The district court's order does not explicitly say that, but such an assumption does seem implicit in the logic of the district court's order. On that basis, I concur in the memorandum disposition in full. But even if that additional information had not been conveyed to Officer Zent, I would conclude that the remaining information was still sufficient to provide reasonable suspicion to justify the parole search of the automobile that Osse had just driven. At the time Officer Zent authorized the search, he knew that Osse had absconded from supervision; that Osse had suspiciously tried to enter the back of a gun shop; and that Osse had fled from approaching officers. Those facts alone provide ample reasonable suspicion to search the car for evidence of probation violations by Osse.